IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF ALVIN COLE, by and through its
Special Administrator, Tracy Cole,
TRACY COLE, and
ALBERT COLE,

                                                                                                                          CASE NO. 22-cv-00856

                Plaintiffs,

v.

CITY OF WAUWATOSA,
JOSEPH MENSAH,
BARRY WEBER,
CITIES AND VILLAGES MUTUAL INSURANCE COMPANY, and
ABC INSURANCE COMPANY,

                Defendants.

---

## DEFENDANTS' MOTION TO DISMISS PLAINITFFS' AMENDED COMPLAINT

---

Defendants, Joseph Anthony Mensah, Barry Weber, City of Wauwatosa, and Cities and Villages Mutual Insurance Company, by their attorneys, Wirth + Baynard, submit the following brief in support of their Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief may be granted.

### PREFACE

This is a civil action brought pursuant to 42 U.S.C. §1983. This case involves the February 2, 2020 Officer-involved shooting of Alvin Cole by then Wauwatosa Police Officer, Joseph Mensah. Plaintiffs allege that at some point during that encounter, Mensah discharged his service weapon at Cole, ultimately killing him. *See generally* (ECF 20)

The Complaint in this matter was filed on July 28, 2022, by Tracy Cole and Albert Cole as Special Administrator of the Estate of Alvin Cole, and alleges eight causes of action: (1) Fourth

1

Amendment – Excessive force; (2) Fourteenth Amendment – Failure to Train and Supervise; (3) Fourteenth Amendment – Denial of Equal Protection; (4) Monell Claims; (5) Deliberate Indifference; (6) Wisconsin Statute Section 895.46 Indemnification Against Wauwatosa; (7) Direct Action Statute – Wis. Stat. §632.24, and (8) Fourth Amendment – Loss of Society and Companionship. (ECF 1 at 17-33)

On September 30, 2022 Defendants moved to dismiss the Complaint in its entirety. *See generally* (ECF 18) On October 21, 2022, Plaintiffs filed an Amened Complaint asserting the same eight causes of action. (ECF 20 at 21-3)

Defendants now move for dismissal of Plaintiffs' claims of the Amended Complaint for the reasons below.

## MOTION TO DISMISS STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, a Complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "In reviewing the sufficiency of a complaint under the plausibility standard announced in Twombly and Iqbal, [the court should] accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 129 S.Ct. at 1951). In other words, the Supreme Court explained that any legal conclusions must be supported by factual allegations in the complaint.

Therefore, to survive a motion to dismiss, a plaintiff must plead in the Complaint "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1951 (citing *Twombly*, 550 U.S. at 556). A court should essentially parse out the conclusory allegations and "determine whether the remaining factual

2

allegations 'plausibly suggest an entitlement to relief.'" *McCauley*, 671 F.3d at 616. "The degree of specificity required [of the factual allegations] is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" Id. (quoting *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010)). "A more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." Swanson, 614 F.3d at 405. If allegations of a complaint give rise to an "'obvious alternative [legitimate] explanation'" for the conduct which is allegedly wrongful, the claim fails to meet the plausibility requirement and must be dismissed. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## ARGUMENT

### I. THE COURT SHOULD DISMISS FORMER CHIEF OF POLICE BARRY WEBER FROM THIS ACTION.

Plaintiffs bring five claims for relief against former Wauwatosa Police Chief Weber in both his individual and official capacities. (*See* ECF No. 20 ¶ 8; *see also* first, second, third, fifth, and sixth claims for relief: pp. 21, 25, 29, 34, 35)[1] All claims brought against Weber assert liability under Section 1983. (*Id.*) Confusingly, the specific causes of action fail to identify which theory of liability—individual or official—they seek to bring against Weber. This ambiguity is indicative of the insufficiency of the Plaintiffs' allegations to state either individual or official-capacity claims. As such, former Chief Weber should be dismissed.

#### A. The Amended Complaint Fails to State Individual-Capacity Claims Against Former Chief Weber Because the Allegations are Insufficient to Establish Personal Involvement.

A § 1983 claim will lie against those individuals personally responsible for the Constitutional violation. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2011). "Plaintiffs

---

[1] Defendants later address Plaintiffs' Sixth Claim for Relief—which they contend is not a valid claim for relief.

3

may not rely on 'vague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct.'" *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (quoting *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008)). A plaintiff suing a governmental official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right. *Hernandez ex rel Hernandez v. Foster*, 657 F.3d 463, 487 (7th Cir. 2011). Accordingly, § 1983 plaintiffs must "ground [their] legal conclusions in a sufficiently plausible factual basis" that places each defendant "on notice of what exactly [he or she] might have done to violate [the plaintiffs'] rights under the Constitution, federal law, or state law." *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

Here, there are no allegations that former Chief Weber had any direct personal involvement in the use of force in this case. The events surrounding the alleged constitutional deprivation involved an encounter between Mensah and Cole and the use of force at Mayfair Mall. Plaintiffs allege that at some point during that encounter, Mensah discharged his service weapon at Cole, ultimately killing Cole. *See generally* (ECF 20, ¶¶ 118-145) Plaintiffs do not allege that former Chief Weber was personally involved in the events that took place in the Mayfair Mall parking lot. (*Id.*) Plaintiffs do not allege that former Chief Weber was even present or knew about the events as they were taking place.

Instead, Plaintiffs attempt to place individual liability on Weber by throwing in the buzz word "personalized" and alleging that "Defendant Weber made personalized decisions to clear Mensah to return to duty with little to minimal consultation with professional staff." (*Id* ¶ 155) Even if this were true, it is insufficient to demonstrate an individual capacity claim against Weber. Constitutional liability is personal to an individual or entity; it does not flow automatically from

4

one to the other, regardless of their affiliation. See *Gaston v. Ghosh*, 920 F.3d 493, 494 (7th Cir. 2019); Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017). Plaintiffs acknowledge as much as the next several paragraphs allege:

> "Defendant Weber had control over WPD policies and chose not to amend the policies surrounding officer involved shootings." (ECF 20 ¶ 156)

> Despite Defendant Weber's ability to assign other high-ranking officials to conduct training or provide additional tactical support, Weber never provided Mensah with additional training. (ECF 20 ¶ 158)

Accordingly, because there are no allegations that former Chief Weber had any direct personal involvement in the actual incident (officer involved shooting of Alvin Cole) surrounding any alleged constitutional deprivation sustained by the Plaintiffs, the Court should dismiss former Chief Weber on any potential individual-capacity claims. The Court should disregard Plaintiffs attempt to camouflage their official capacity claims as individual capacity claims, which appear to be sole for the purpose of making Weber a defendant.

### B. Any Individual-Capacity Claims Against Former Chief Weber are Actually Official-Capacity Claims, which are Tantamount to Claims against the City of Wauwatosa and Thus Unnecessarily Duplicative of Those Claims.

The bulk of Plaintiffs' allegations against former Chief Weber relate not to his direct involvement in the incident, but instead to his policy-making responsibility within the City of Wauwatosa Police Department. *See, e.g.*, (ECF 20, ¶¶ 168-173, 175-176, 179, 190-191, 208, 221, 229, 236-238, 241) These types of allegations amount to a claim against the City of Wauwatosa itself. *See Gusman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *see also Monell v. Dep't of Soc. Services of City of N.Y.*, 436 U.S.658 (1978). Moreover, all claims brought against Weber in his individual capacity are identical to the claims brought against the City of Wauwatosa:

- The First claim is brought against Officer Mensah, Weber and the City of Wauwatosa and alleges that Officer Mensah's use of force was excessive and done pursuant to "the

5

- customs, practices, policies, and/or training [or lack of training] of Defendant Wauwatosa and Defendant Weber." (ECF 20, ¶ 170-173)

- The Second claim is brought against the City of Wauwatosa and Weber and alleges a failure to train. (ECF 20, pp. 20-23) The Amended Complaint alleges that "Defendant Weber was, at all times relevant, a policymaker or final delegated decisionmaker for the Wauwatosa Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same." (*id.* ¶ 179, 191-192)

- The Fifth claim is brought against the City of Wauwatosa and Weber alleges that both were deliberately indifferent to Mensah's alleged constitutional violations. (ECF 20, pp. 34-35)

The City of Wauwatosa is a named defendant in this action, and all of Plaintiffs' causes of actions are specifically directed at the City of Wauwatosa in addition to other Defendants. *See* (ECF 20) Accordingly, all the causes of action directed at former Chief Weber are also directed at the City of Wauwatosa—first, second, third, and fifth claims—and, as explained above, there are no allegations that Chief Weber was personally involved in the alleged events surrounding the use of force. Thus, any official-capacity claims against former Chief Weber effectively duplicate already-pled claims against the City of Wauwatosa. The causes of action directed at Chief Weber are therefore indistinguishable from and duplicative of the causes of action directed at the City of Wauwatosa. Accordingly, the Court should dismiss former Chief Weber on any potential official capacity claims.

## II. THE COURT SHOULD DISMISS PLAINTIFFS' SECOND CLAIM FOR RELIEF AS TO ALL DEFENDANTS BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiffs' second claim for relief attempts to state a claim under the Fourteenth Amendment for "failure to train and supervise" against the City of Wauwatosa and Weber. (ECF 20, p. 24-48) In *Graham v. Connor*, the Supreme Court of the United States held that "a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person" are analyzed under "the Fourth

6

Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." 490 U.S. 386, 388 (1989).

Here, all of Plaintiffs' allegations relate to the use of force in the context of an alleged seizure in the field. *See* (ECF 20, ¶¶ 148, 167) Thus, the Fourth Amendment's objective reasonableness standard will govern the use-of-force analysis in this case, not due process under the Fourteenth Amendment. Therefore, Plaintiffs' second claim for relief does not state a cognizable claim under 42 U.S.C. § 1983, based on the facts alleged.

Moreover, Plaintiffs fail to state a claim against the City of Wauwatosa because it cannot be sued under § 1983 for an injury solely inflicted by its employees or agents. It is well-established that [m]unicipalities do not face *respondeat superior* liability under section 1983 for the misdeeds of employees or other agents." *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021). As later addressed, a claim is brought against a municipality under *Monell* and Plaintiffs bring a *Monell* claim against the City of Wauwatosa (fourth claim), but that is not what they are doing in their second claim for relief. And even if they are, that claim would be duplicative of the Monell claim and should similarly be dismissed. Accordingly, the Court should dismiss Plaintiffs' second claim for relief as to all Defendants.

### III. THE COURT SHOULD DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF AS TO ALL DEFENDANTS BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The Estate's third claim for relief attempts to state a claim under the Fourteenth Amendment for denial of equal protection against all Defendants. (ECF 20, p. 29-31) In support, the Estate baldly alleges that "Defendant Mensah treated Mr. Cole less favorably—and with unreasonable force—than his similarly situated White counterparts, wholly or in part because he was Black." *Id*. ¶ 201. There are no factual allegations whatsoever in the Amended Complaint

7

Case 2:22-cv-00856-LA    Filed 11/04/22    Page 7 of 11    Document 21

that Alvin Cole was treated less favorably than his similarly situated White counterparts. For this reason alone, the Amended Complaint falls short of the pleading standard as to this claim. Additionally, this claim is overbroad as to the defendants named. Only Mensah is alleged to have treated Cole less favorably based on his race. Moreover, Mensah himself is black. As such, this claim would further fail against all other defendants.

### IV. THE COURT SHOULD DISMISS PLAINTIFFS' FIFTH CLAIM FOR RELIEF AS TO ALL DEFENDANTS BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiffs' fifth claim for relief is captioned "42 U.S.C. 1983-Deliberate Indifference." (ECF 20, pp. 34-35) Plaintiffs allege Defendants City of Wauwatosa and Weber "knew of Mensah's violent and objectively unreasonable conduct of using excessive force and condoned, approved, and helped facilitate his violent behavior, which resulted in him also shooting and killing Alvin Cole. (*Id.* ¶ 226)

Section 1983 is not "itself a source of substantive rights, but merely provides a means for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 provides a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim for relief under § 1983, a plaintiff must allege: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

Here, all of Plaintiffs' allegations relate to the use of force against Alvin Cole. (See ECF 20, ¶ 228) To the extent that is what Plaintiffs are alleging; first, it was not clearly pled; and second, it would duplicate an already-pled claim (See ECF 20, first claim for relief). Thus, Plaintiffs fifth

8

Case 2:22-cv-00856-LA   Filed 11/04/22   Page 8 of 11   Document 21

claim for relief does not state a cognizable claim under 42 U.S.C. § 1983—at least not one that is separate and distinct from their Fourth Amendment claim. Accordingly, the Court should dismiss Plaintiffs' fifth claim for relief as to all Defendants.

V. **THE COURT SHOULD DISMISS PLAINTIFFS' SIXTH CLAIM FOR RELIEF SEEKING INDEMNIFICATION BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**.

Plaintiffs' sixth claim for relief (ECF 20 pp. 35-38) attempts to state a claim against all Defendants by invoking Wis. Stat. § 895.46, an indemnification statute that provides as follows:

> If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee . . . in excess of any insurance applicable to the officer or employee shall be paid by the state or political subdivision of which the defendant is an officer or employee.

Wis. Stat. § 895.46(1)(a). Section 895.46, however, appears to create a private right of action for public officials against whom a judgment has been entered, not persons suing for violations of their civil rights. *See Chiroff v. Milwaukee Cty.*, 2000 WI App 233 n.11, 239 Wis. 2d 232, 619 N.W.2d 307 ("The intent of [§ 895.46] is to enable an official of a political subdivision to bring an action against the political subdivision to obtain reimbursement for an obligation of the political subdivision he or she has borne."); *Williams v. Michalsen*, No. 19-CV-56-PP, 2020 WL 1939136, at *9 (E.D. Wis. Apr. 21, 2020)("If the individual officers are found liable, the indemnity mandated by § 895.46 will be triggered; the plaintiffs do not need to sue the county for that to happen.").

This cause of action is not actually a cause of action, but assertions of damages theories. As such, Plaintiffs' Sixth Claim for relief should be dismissed with prejudice against all Defendants.

9

Case 2:22-cv-00856-LA   Filed 11/04/22   Page 9 of 11   Document 21

## VI. TO THE EXTENT PLAINTIFFS' SEVENTH CLAIM FOR RELIEF SEEKS TO SUE CVMIC PURSUANT TO § 1983 IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiffs include the City of Wauwatosa's insurer, Cities and Villages Mutual Insurance Corporation, as a named defendant. (ECF 20, ¶ 10) The Amended Complaint is not clear with respect to which of their claims Plaintiffs seek to sue CVMIC directly. *Id.* ¶ 248 (asserting generally that "Plaintiffs are allowed to maintain this lawsuit directly against" CVMIC). However, to the extent they intend to sue CVMIC directly with respect to their § 1983 claims asserted against "all defendants," those claims must be dismissed as they relate to CVMIC. Indeed, Wis. Stat. § 632.24 governing direct actions against insurers "allows a separate 'direct action' only against an insurer for negligence." *Akright v. Graves*, Case No. 05-C-0821, 2006 WL 897759, *2 (E.D. Wis. Apr. 3, 2006) (explaining that § 632.24 creates "a separate claim against the insurer for damages caused by negligence of the insured" and denying motion for leave to amend complaint to add a § 1983 claim against WCMIC); "The terms of the statute do not authorize plaintiff to bring a separate action against WCMIC under § 1983 for alleged constitutional violations." *Id.*; *see also Grace Christian Fellowship v. KJG Investments Inc.*, No. 07-C-0348, 2010 WL 1905006, *6 (E.D. Wis. May 11, 2010) ("[Wisconsin's] direct action statute creates a separate claim against the insurer for damages caused by negligence of the insured."); *Est. of Stinson v. Milwaukee Cnty.*, No. 21-CV-1046-JPS, 2022 WL 1303279, at *4 (E.D. Wis. May 2, 2022).

Absent a basis upon which to proceed directly against CVMIC under § 1983, Plaintiffs' Seventh claim for relief and defendant CVMIC should be dismissed.

## CONCLUSION

For all the reasons stated above, Defendants respectfully request that Plaintiffs' claims alleged against them be dismissed with prejudice for failure to state a claim.

Dated at Wauwatosa, Wisconsin this 4th day of November 2022.

          **WIRTH + BAYNARD**
          Attorneys for Defendants
BY:   */s/ Jasmyne M. Baynard*
          Jasmyne M. Baynard, WI Bar No. 1099898
          9898 W. Bluemound Road, Suite 2
          Wauwatosa, Wisconsin 53226
          T: 414) 291-7979 / F: (414) 291-7960
          Email: jmb@wbattys.com

11

Case 2:22-cv-00856-LA   Filed 11/04/22   Page 11 of 11   Document 21