UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ESTATE OF ALVIN Cole, et al.,

    Plaintiffs,

v.                                Case No: 22-CV-0856

JOSEPH ANTHONY MENSAH,

    Defendant.

**CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION
TO SEAL OR RESTRICT DEFENDANT'S MOTION IN LIMINE (ECF No. 45)**

Plaintiffs, by their attorneys, hereby move this court pursuant to Civil Local Rule 7(h) and General L.R. 79(d), to seal Defendant's Motion in Limine (ECF No. 45). Plaintiffs request this court to accept and replace ECF No. 45 with the redacted version of the document accompanying this motion. *Declaration of Kimberley Cy. Motley*. ("*Motley Decl.*"), at Ex. A.

In filing his motions in limine, Defendant disclosed confidential information regarding Alvin Cole. ECF No. 45, at p. 15. Pursuant to Wis. Stat. §§ 938.78 and 938.396(2)(d), juvenile records are confidential. There are certain exceptions that do not apply here, but generally, such records may be requested in a civil jurisdiction by the attorney for a party to a proceeding in that court to review court records for the purpose of impeaching a witness under Wis. Stat. § 906.09 in which a witness may be asked whether they have been convicted of a crime or adjudicated as a delinquent. Alvin Cole is neither a witness nor a party in this matter and was a minor child killed by Defendant Mensah.

Here, Defendant in its Motion in Limine publicly shared Alvin Cole's purported juvenile record. ECF No. 45, at p. 15. This was improper which necessitates the Court to seal it from further impermissible disclosure.

The Eastern District of Wisconsin's local rules permit the filing of sealed materials only if "supported by sufficient facts demonstrating good cause for withholding document or material from the public record." E.D. Wis. Gen. L. R. 79(d); s*ee also Haas v. City of Milwaukee*, No. 05-cv-785, 2009 WL 3444893, at *1 (E.D. Wis. October 23, 2009) ("There is good cause to seal the motion because the individual's privacy interests significantly outweigh the public interest in this document.") (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)).

Additionally, Plaintiff never received Alvin Cole's alleged juvenile record through the course of discovery from Defendant, nor have Plaintiffs provided the records to Defendant, either directly or through written permission. There is no record of Alvin Cole's criminal history through a search of Wisconsin Circuit Court Access (i.e., CCAP).[1] To be clear, Plaintiffs do not possess these records. It is unclear how Defendant obtained these confidential records absent written permission, as no exception to obtaining them applies. Alvin Cole's parents did not request them, Alvin Cole could not have requested them as he is dead, and Alvin Cole's parents did not give written consent to Defendant to obtain them. And now, through counsel, Defendant has unlawfully publicized Alvin Cole's alleged juvenile record.

---

[1] https://wcca.wicourts.gov/caseSearchResults.html

For all the aforementioned reasons, Plaintiff respectfully requests this Court to SEAL Defendant's Motion in Limine (ECF #45) and to file the Motion in Limine as redacted accompanying this document. *Motley Decl. at Ex. A*.

Respectfully submitted this 21st day of February 2025

**MOTLEY LEGAL SERVICES**

By: */s/Kimberley Cy. Motley*
Kimberley Cy. Motley, SBN: 1047193
P.O. Box 1433
Matthews, North Carolina 28106
(704) 763-5413 (phone)
(704) 909-4100 (fax)
kmotley@motleylegal.com