UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF ALVIN COLE, et al.,

                        Plaintiffs,

v.                                                                        Case No. 22-CV-0860

JOSEPH ANTHONY MENSAH,

                        Defendant.

## DEFENDANTS' CIVIL L. R. 7(h) EXPEDITED MOTION TO COMPEL PLAINTIFFS TO PRODUCE STATEMENTS OF TRIAL WITNESSES

Defendant Joseph Mensah, by and through his counsel, Wirth + Baynard, hereby moves the Court to compel Plaintiffs to produce two sworn witness declarations as required by Fed. R. Civ. P. 26(a)(1)(A)(ii), 26(e)(1)(B), and 37(a)(3) and Fed. R. Ev. 502. If necessary, Defendant moves in the alternative to exclude trial testimony by those witnesses under Fed. R. Civ. P. 37(c)(1) & (b)(2)(A)(ii).

### BACKGROUND

Defendant timely filed his motion for summary judgment. (21cv00848 ECF No. 82). In their opposition to Defendant's motion for summary judgment, Plaintiffs relied on the sworn declarations of witnesses Shenora Staten-Jordan and John Rawlings:

> 17. Citizen witnesses with unobstructed views who clearly saw Cole because he was illuminated by flashlights, saw him on the ground and did not see anything in Cole's hands before, during, or after he was shot by Mensah. Decl. Shenora Stanten-Jordan ¶110, 9--15; Decl. John Rawlings ¶9, 12-14; ECF 20 ¶126[4].

> 52. Two witnesses saw Cole stop running and fall to his knees on the ground. Decl. of Shenora Stanten-Jordan at ¶ 9; Decl. of John Rawlings, at ¶8.
>
> 53. Two people who witnessed the shooting of Alvin Cole, never saw a gun in Cole's hands before, during, or after he was shot and killed. Decl. of Shenora Stanten-Jordan, at ¶ 13-15; Decl. of John Rawlings, at ¶ 12-14.
>
> 54. The witnesses also saw Mensah shoot Cole several times while Cole was on the ground. Decl. of Shenora Stanten-Jordan, at ¶ 12; Decl. of John Rawlings, at ¶ 11.

(21cv00848 ECF No. 96, ¶¶ 17, 52-54). However, Plaintiffs never filed those declarations. Neither were the declarations identified in Plaintiffs' Rule 26(a) initial disclosures. (ECF 45-1)

Plaintiffs amended pretrial report indicates that intend on calling Shenora Staten and John Rawlings as witnesses at trial. (ECF Nos. 34 & 40, pp. 3-4). Accordingly, defense counsel reached out to plaintiffs' counsel and asked for, *inter alia*, the production of Ms. Staten's and Mr. Rawlings' respective declarations as relied on in opposing summary judgment. (Exhibit A). Plaintiffs' counsel refused on the basis that "they were not provided to the court[,]" "discovery is closed[,]" and "The statements were given to us as lawyers. That would make them work product." (Exhibit A). Plaintiffs thus rebuffed Defendant's good faith effort to resolve the dispute.

Defendant brings this motion to address Plaintiffs' refusal to produce relevant evidence that does not require work product and should have been produced by Plaintiffs prior to the close of discovery.

## ARGUMENT

Plaintiffs assert constitutional excessive force and loss of society and companionship claims against a municipal officer. Plaintiffs name two witnesses who purportedly gave sworn declarations under the penalty of perjury yet refuse to produce the sworn declarations.

Fed. R. Civ. P. 26(a)(1)(A)(ii) requires parties to produce, without waiting a discovery request, a copy of all documents in their possession that they may use to support their claims or defenses. Fed. R. Civ. P. 26(e)(1)(B) requires parties to supplement their initial disclosures in a timely manner when they learn that their disclosure are incomplete and additional documentation has not otherwise been disclosed to the other parties. Ms. Staten's and Mr. Rawlings' declarations were not identified in Plaintiffs' initial disclosures. (ECF 45-1). Plaintiffs relied on those declarations to support their claims in opposition to summary judgment. (21cv00848 ECF No. 96, ¶¶ 17, 52-54). Plaintiffs were therefore required to produce the declarations under Fed. R. Civ. P. 26(a)(1)(A)(ii) and 56(c)(4). But Plaintiffs did not produce or file the declarations are the Rules require. Accordingly, they were obligated under Fed. R. Civ. P. 26(e)(1)(B) to supplement their initial disclosures with the declarations. They have refused to do so.

Having ignored their duty under the Federal Rules of Civil Procedure to produce those sworn declarations, Plaintiffs named Ms. Staten and Mr. Rawlings as trial witnesses but continue to withhold the declarations on the basis that "discovery is closed." Such a position ignores the fact that Plaintiffs were required to supplement their initial production with those declarations prior to the closure of discovery under Fed. R. Civ. P. 26(e)(1)(B).

Plaintiffs also maintain that the declarations constitute "work product." However, the work product doctrine protects only "documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case." *Sandra T.E. v. S. Berwyn Sch. Dist*. 100, 600 F.3d 612, 618 (7th Cir. 2010). The doctrine is meant to protect an attorney's "thought processes and mental impressions[.]" *Id*. at 622. Ms. Staten's and Mr. Rawlings' declarations were not prepared to analyze Plaintiffs' case and the witnesses' personal knowledge, not counsel's mental impressions. Therefore, the declarations are not work product.

Even if Plaintiffs could succeed in convincing this court that the declarations are work product, Plaintiffs waived that privilege by citing the declarations as support for proposed findings of fact in the summary judgment opposition. Under Fed. R. Ev. 502(a), disclosure made in a federal proceeding waives work product protection extends to undisclosed portions if the waiver is intentional, disclosed and undisclosed information concern the same subject matter, and they out in fairness to be considered together. There is no question that Plaintiffs' reference to and disclosure of the declarations in their summary judgment filings was intentional. The portions of the declarations not directly referred to in those filings likely concern the same subject matter – the witnesses' respective knowledge of the events surrounding Alvin Cole's death. The disclosed portions of the declarations ought, in fairness, to be considered with the undisclosed portions. Plaintiffs, by electing to present the declarations as evidentiary support on summary judgment and by electing to present the declarants as witnesses at trial, have waived work product protection as to the declarations. *See United States v. Nobles*, 422 U.S. 225, 239 (1975).

Plaintiffs should have filed and/or produced Shenora Staten's and John Rawlings' declarations a long time ago. With trial looming, they must be ordered to produce the declarations now, or precluded from calling Ms. Staten and Mr. Rawlings at trial. Fed. R. Civ. P. 37(c)(1) & (b)(2)(A)(ii).

Dated at Wauwatosa, Wisconsin this 21st day of February, 2025.

**WIRTH + BAYNARD**
Attorneys for Defendant, Joseph A Mensah

 */s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, SBN 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
(414) 291-7979
Email: jmb@wbattys.com