UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF ALVIN COLE, et al.,

                Plaintiffs,

v.                                                  Case No. 22-CV-0856

JOSEPH ANTHONY MENSAH,

                Defendant.

## DEFENDANT'S PRETRIAL REPORT

Defendant Joseph A. Mensah, by his attorneys, WIRTH + BAYNARD, submits this pretrial report pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure and Civil L.R. 16(c):

**I.    SUMMARY OF FACTS, CLAIMS, AND DEFENSES**

This case involves the officer-involved shooting of Alvin Cole by then Wauwatosa Police Officer, Joseph A. Mensah. On February 2, 2020, Alvin Cole brought a gun to Mayfair Mall, was involved in an altercation with another mall patron, and during that altercation flashed the gun at the patron. Wauwatosa Police Department officers were dispatched to Mayfair Mall for a domestic violence/disorderly conduct complaint involving an individual wearing a fanny pack in possession of a possible firearm. When officers arrived, they observed four individuals exiting the mall. One of the subjects, later identified as Alvin Cole, matched the description of the subject said to be in possession of a firearm.

Cole was confronted by officers and led them on a foot pursuit through the parking lot, during which time Cole discharged his gun. Officers ordered Cole to surrender the gun several times, but refused and, with his finger on the trigger, pointed the firearm at several officers. Cole

pointed the gun at Officer Mensah, and in response to Cole's actions, Officer Mensah shot him four times. Mr. Cole died from his injuries.

The Estate claims that Officer Mensah used excessive deadly force, violating Alvin Cole's Fourth Amendment right. It is alleged by plaintiffs that Cole did not pose an immediate threat to the officer or others and, therefore, Mensah's use of deadly force was unreasonable. The Estate also alleges that defendant Mensah denied Tracy and Albert Cole the opportunity to spend time with their child, Alvin Cole.

Defendant Mensah's decision to use deadly force was objectively reasonable under the circumstances confronting him and did not violate Alvin Cole's Fourth Amendment rights. The Fourth Amendment allows a police officer to use deadly force where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others. At trial, Defendant will show that the use of deadly force was necessary to protect himself and other officers from Cole, who was holding a gun with his finger on the trigger and refusing commands. Defendant will prove that his actions were reasonable under the circumstances.

The plaintiffs' claim of loss of society and companionship under § 1983 needs to be based on a constitutional violation. At trial, the defendant will show that Cole's death was not caused by a constitutional violation.

**II. STATEMENT OF THE ISSUES**

1. Whether Officer Mensah's use of force against Alvin Cole was objectively unreasonable under the circumstances; and

2. <u>If the jury answers the above in the affirmative</u>, whether Officer Mensah's use of force was done with the intent to interfere with and specific purpose of terminating Tracy and Albert Cole's relationship with Alvin Cole.

2

Case 2:22-cv-00856-LA    Filed 02/24/25    Page 2 of 7    Document 65

### III. WITNESSES

1. **Joseph Mensah** Defendant, and former Wauwatosa Police Department Officer, is expected to have information regarding his knowledge of the events that resulted in this lawsuit, his interactions with Cole, and his decision to use force to eliminate the threat posed by Cole on February 2, 2020. Mensah may be reached through the undersigned counsel.

2. **David Shamsi** *former* Wauwatosa Police Department Officer was on scene at the time of the Cole shooting and has information regarding the shooting and the events leading up to the shooting. Shamsi may be reached through the undersigned counsel.

3. **Evan Olson** is a Wauwatosa Police Department Officer and was on scene at the time of the Cole shooting and has information regarding the shooting and the events leading up to the shooting. Olson may be reached through the undersigned counsel.

4. **Jeffrey Johnson** is a Wauwatosa Police Department Officer and was on scene at the time of the Cole shooting and has information regarding the shooting and the events leading up to the shooting. Johnson may be reached through the undersigned counsel.

5. **Dexter Schlies** is a Wauwatosa Police Department Officer and was on scene at the time of the Cole shooting and has information regarding the shooting and the events leading up to the shooting. Schlies may be reached through the undersigned counsel.

6. **Davion Beard** was employed as a security guard at Mayfair Mall and is expected to testify regarding his knowledge of the events leading up to the shooting. *Last known address* –1033 West Hampton Avenue Milwaukee, WI 53216.

7. **Steven B. Irving, Jr**. is expected to testify regarding his knowledge of the events that resulted in this lawsuit. *Last known address* – 8317 West Carmen Avenue, Apt. 4, Milwaukee, WI 53218.

8. **Sarah Hopkins** is expected to testify as to her observations of the events leading up to the shooting incident. *Last known address* – 11827 W North Avenue, Apt. 2, Wauwatosa, WI 53226

9. **Trooper Matthew Johnson** is employed by the Wisconsin State Patrol – Technical Reconstruction Unit. Mr. Johnson participated in the post-shooting investigation including forensic mapping of the incident scene he conducted using a Faro Focus X330 laser scanner. He can be reached at Hill Farms State Office Building 4822 Madison Yards Way, 9th Floor South Madison, WI 53705.

10. **Trooper Ryan J. Zukowski** is employed by the Wisconsin State Patrol – Technical Reconstruction Unit. Mr. Zukowski participated in the post-shooting investigation. He can be reached at Hill Farms State Office Building 4822 Madison Yards Way, 9th Floor South Madison, WI 53705.

11. **James Armstrong** is employed by the Wisconsin DOJ Crime Lab. Mr. Armstrong participated in the post-shooting investigation including photographing the scene and his testimony will be used for authenticating the photographs. He can be reached at 1578 South 111th Street, Milwaukee, WI 53204.

12. **Detective Alex Klabunde** is employed by the Milwaukee Police Department. Klabunde participated in the post-shooting investigation and has knowledge of the events that resulted in this lawsuit including but not limited to his investigation and interviews. He can be reached at 2333 North 49th Street Milwaukee, WI 53210

13. **Detective Dave Madden** is a former member of the Milwaukee Area Investigative Team. Madden participated in the post-shooting investigation and has knowledge of that investigation as documented in his reports. He can be reached at 7525 West Greenfield Avenue West Allis, WI 53214

14. **Josh Boyd** is the Director of Design and Production at TrialQuest and was employed by Defendants to authenticate videos that he enhanced and synched in this matter. He may be reached at 1177 W. Cass Street, Tampa Florida 33606.

15. Micheal R. Knetzger, *see* below.

16. Wieslawa Tlomak, MD, *see* below.

17. Any and all witnesses identified by Plaintiffs.

18. Any and all witnesses called by Plaintiffs.

19. Any impeachment and rebuttal witnesses, as necessary.

20. Any custodian of records necessary to authenticate documents.

## IV. STATEMENT OF THE BACKGROUND OF EXPERT WITNESS

1. **Michael R. Knetzger, D.M., M.P.A.** – Dr. Knetzger is an expert in criminal justice, police practices, management, leadership, course development, and curriculum development. He specializes in training and educating criminal justice students, law enforcement

4

officers, and law enforcement leaders on assorted topics, including investigative techniques, use of force, video-recorded force incidents, specialized weapons and tactics, and other subjects.

Dr. Knetzger served as a law enforcement officer and leader for 29 years and has taught at the college and university levels for 24 years. Throughout his law enforcement career, Dr. Knetzger responded to and investigated complex crimes, including property, violent, and financial crimes. Dr. Knetzger can be reached through the undersigned counsel.

2. **Wieslawa Tlomak, MD,** Milwaukee County Chief Medical Examiner. Dr. Tlomak conducted the autopsy of Alvin L. Cole. Dr. Tlomak may be called upon to provide expert testimony including but not limited to the autopsy she performed, the report, and/or investigations of the Milwaukee County Medical Examiner's Office. Dr. Tlomak can be reached at 933 West Highland Avenue – Milwaukee, WI 53233

3. Defendant reserves the right to call any expert identified by the Plaintiffs.

## V. EXHIBIT LIST

A list of exhibits to be offered at trial by Defendant are being filed contemporaneously with this report. Furthermore, the defendant reserves the right to:

1. Use any exhibit listed by Plaintiffs.

2. Use all exhibits, papers, records, and writings provided by Plaintiffs to Defendants in this case and/or attached to pleadings, papers, motions, or other filings in this case.

3. Use all exhibits, papers, records, or writing attached to, filed with, or referenced in Defendant's prior filings in this case.

4. Use all expert witness reports, reliance material, or other materials generated in preparation for the trial of this lawsuit.

5. Use any newly discovered evidence, records, reports, and exhibits.

6. Supplement and/or amend this Exhibit List.

7. Offer demonstrative exhibits and exhibits that will be offered for purposes of impeachment only.

8. Defendant reserves any and all objections to any and all exhibits listed by Plaintiffs.

## VI. DEPOSITION DESIGNATIONS

The defendant does not anticipate introducing any deposition testimony at trial.

## VII. ESTIMATED LENGTH OF TRIAL

The defendant estimates that the trial (including jury selection) should take four to five days depending on the number of witnesses required to authenticate documents.

## VIII. PROPOSED *VOIR DIRE*, JURY INSTRUCTIONS, AND SPECIAL VERDICT FORM

### A. Proposed *Voir Dire* Questions

The proposed questions the Defendant would like the Court to ask on *voir dire* are being filed contemporaneously with this report.

### B. Proposed Jury Instructions

The proposed jury instructions that the defendant would like the Court to present to the jury on substantive issues are being filed contemporaneously with this report.

### C. Proposed Verdict Form

The proposed verdict form instructions the defendant would like the Court to present to the jury are being filed contemporaneously with this report. Simultaneous to the filing of this report, the defendant is filing a request for a special interrogatory.

Dated at Wauwatosa, Wisconsin this 24th day of February 2025.

**WIRTH + BAYNARD**
Attorneys for Defendant, Joseph A Mensah

*/s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, SBN 1099898

6

9898 W Bluemound Road, Suite 2
Wauwatosa, WI 53226
(414) 291-7979
Email: jmb@wbattys.com

*/s/ Joseph M. Wirth*
Joseph M. Wirth, SBN 1012080
9898 W Bluemound Road, Suite 2
Wauwatosa, WI 53226
(414) 291-7979
Email: jmw@wbattys.com