UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF ALVIN COLE, et al.,

        Plaintiffs,

v.                                              Case No. 22-CV-00856

JOSEPH ANTHONY MENSAH,

        Defendant.

---

## DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES

---

Defendant Joseph A. Mensah, by his attorneys, WIRTH + BAYNARD, requests that the court submit the following Special Interrogatories to the Jury:

Defendant asserts that he is entitled to qualified immunity on the Estates' excessive force claim in this case. (21cv00848 ECF 84 at 10-12) The Court declined to grant qualified immunity holding that "because a jury could find that Mensah did not have probable cause to believe that Cole had put him or others in imminent danger, I cannot presently grant Mensah's request for qualified immunity." (*Id*. ECF 140 at 5-6; *see e.g.* ECF 131 at 5 (" [A] reasonable jury could find that Cole did not point the gun in Mensah's direction, and that Mensah was, therefore, not justified in using deadly force. Thus, Mensah is not entitled to qualified immunity.")).

The question of a defendant's qualified immunity is a question of law for the court, not a jury question. *Alvarado v. Picur*, 859 F.2d 448, 451 (7th Cir.1988). Where, as here, the court found a factual question prevented a ruling on qualified immunity, the appropriate course is to submit special interrogatories to the jury that will allow the jury to make any requisite factual findings that this district court may then rely on in deciding whether the defendant officer is entitled to qualified and official immunity. *Strand v. Minchuk*, 910 F.3d 909, 918–19 (7th Cir. 2018); *Warlick*

*v. Cross*, 969 F.2d 303, 305 (7th Cir. 1992) ("When the issue of qualified immunity remains unresolved at the time of trial, as was the case here, the district court may properly use special interrogatories to allow the jury to determine disputed issues of fact upon which the court can base its legal determination of qualified immunity."); *Smith v. Finkley*, 10 F.4th 725, 749–50, (7th Cir. Aug. 18, 2021) ("When the issue of qualified immunity remains unresolved at the time of trial, ... the district court may properly use special interrogatories to allow the jury to determine disputed issues of fact upon which the court can base its legal determination of qualified immunity."); *Chilcutt v. Santiago*, No. 22-2916, 2023 WL 4678583, at *6 (7th Cir. July 21, 2023)("We end by observing that the officers may still be entitled to qualified immunity should the case go to trial.")

Thus, in accordance with Seventh Circuit precedent, Defendant requests that the court submit the following special interrogatories to the jury that will allow the jury to make the requisite factual finding that this district court may then rely on in deciding whether Officer Mensah is entitled to qualified immunity:

> **At the time of Officer Joseph Mensah's use of force on February 2, 2020, did he reasonably believe, even if he was mistaken, that Alvin Cole posed an imminent threat of serious harm to himself or others.**

This question, properly answered by the jury, will allow this Court to decide as a matter of law whether the defendant is entitled to qualified immunity. Of course, as with jury instructions, the crafting of special interrogatories is an evolutionary matter, and Defendant reserves the opportunity to modify or propose alternative special interrogatories depending on the evidence presented at trial, Plaintiffs' theory of the case, any objection to the proposed language above, and further discussion with the Court to ensure that the special interrogatories are carefully crafted and tailored to provide this court the facts necessary to decide, as a matter of law, whether the defendant is entitled to qualified immunity.

WHEREFORE, for all of the reasons set forth above, Defendant respectfully requests that special interrogatories be submitted to the jury to allow the jury to decide questions of fact upon which the Court may decide, as a matter of law, whether the Defendant Mensah is entitled to qualified immunity.

Dated at Wauwatosa, Wisconsin this 24th day of February 2025.

**WIRTH + BAYNARD**
Attorneys for Defendant, Joseph A Mensah

*/s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, SBN 1099898
9898 W Bluemound Road, Suite 2
Wauwatosa, WI 53226
(414) 291-7979
Email: jmb@wbattys.com