UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF ALVIN COLE, et al.,

                            Plaintiffs,

v.                                                                      Case No. 22-CV-0856

JOSEPH ANTHONY MENSAH,

                            Defendant.

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' CIVIL L. R. 7(h) EXPEDITED MOTION TO SEAL DEFENDANT'S MOTIONS IN LIMINE

      Plaintiffs' motion seeks to seal the entirety of Defendant's motion in limine No. 8, not the allegedly offending portion on page 15 necessary to protect Plaintiffs from harm due to disclosure, in contravention of Gen. L.R. 79(d)(2). Plaintiffs did not attempt to confer with Defendant to avoid this motion or limit its scope in contravention of Gen. L.R. 79(d)(4). (Baynard Decl., ¶ 2). Plaintiffs also misattribute a quote to a prior decision of this Court that does not appear anywhere in the decision. (ECF No. 52, p. 2). This motion should be denied for those reasons alone.

      Wisconsin Statutes differentiate between a juvenile's records from law enforcement, children's court, and specific state agencies. Wis. Stat. § 938.396(2) governs children's court records, while § 938.78(1) controls records of "the department of children and families [(DCF)], the department of corrections [(DOC)], a county department, or a licensed child welfare agency." Those records cannot be inspected or their contents disclosed by a government body absent certain exceptions or a court order. (Wis. Stat. §§ 938.396(2)(a) & 938.78(2)(a)) Defense counsel is not currently in possession of Alvin Cole's juvenile court records or, to the extent they exist, any records about Alvin Cole from DCF, DOC, a county department, or a licensed child welfare

agency. (Baynard Decl., ¶¶ 3-5). Thus, the Plaintiffs' citation to Wis. Stat. § 938.396(2)(d)[1] and § 938.78 is irrelevant.

What defense counsel does have are law enforcement records that may contain juvenile information. Under Wis. Stat. § 938.396(1)(a), "[l]aw enforcement agency records of juveniles may not be open to inspection or their contents disclosed," except under specific circumstances. The burden of maintaining confidentiality is on the law enforcement agency. *See* Wis. Stat. §§ 938.396(1)-(1j). If a person "is denied access to" law enforcement juvenile records, they "may petition the court to order disclosure of the record." Wis. Stat. § 938.396(1j)(a). The court performs a balancing test to "determine whether the petitioner's need for the information outweighs society's interest in protecting its confidentiality." Wis. Stat. § 938.396(1j)(c).

Defense counsel made an open records request to the Milwaukee Police Department (MPD) for records about calls for service involving Plaintiffs and/or addresses associated with those individuals for purposes of impeachment at trial. (Baynard Decl., ¶ 8). Because MPD did not deny defense counsel access to juvenile records under Wis. Stat. § 938.396(1)(a) or (10), it was not necessary for defense counsel to petition the court for their disclosure under § 938.396(1j).

Further, the fact that Alvin Cole had a felony juvenile record has already been publicly disclosed. The Milwaukee County District Attorney's October 7, 2020, letter to Wauwatosa Police Chief Weber, which states that "Alvin Cole was prohibited from possessing firearms because of his felony juvenile adjudications," was made public before this lawsuit was filed.[2] Both parties received the subpoenaed records response from MPD containing the entire case post-shooting investigative file, that included a report of Alvin Cole's prior arrest. Both parties are also in

---

[1] There is no subsection (d) of section of Wis. Stat. § 938.396(2). Defendant suspects that Plaintiffs meant to refer to (2g)(d), which outlines the circumstances under which the children's court must open juvenile court records.
[2] https://www.documentcloud.org/documents/7224668-Milwaukee-County-District-Attorney-John-Chisholm/ at 3.

2

Case 2:22-cv-00856-LA    Filed 02/28/25    Page 2 of 4    Document 71

possession of public social media regarding the same. (Baynard Decl., ¶ 11)

If Plaintiffs want this court to retroactively perform the balancing test under Wis. Stat. § 938.396(1j), disclosure is favored. Defendant has an immense interest in defending against Plaintiffs' claims, while Alvin Cole has no interest in rehabilitation or avoiding stigma because he is deceased. *See* Wis. Stat. § 938.396(1j)(c)1. The public has an interest in redressing private wrongs through this private litigation, and the non-disclosure of Alvin Cole's law enforcement records does not protect the integrity of the juvenile justice system. *See* Wis. Stat. § 938.396(1j)(c)2. The goals of the juvenile justice system are rehabilitation, to diagnose and help resolve a child's problems, and "to encourage the juvenile, parents, social workers, and others to furnish information which they might not otherwise disclose in an admittedly adversary or open proceeding." *State ex rel. Herget v. Cir. Ct. for Waukesha Cnty.*, 267 N.W.2d 309, 316 (Wis. 1978). Here, there is no concern for these purposes because Alvin Cole is deceased.

Finally, the Plaintiffs' protest that they did not receive a copy of these records from the Defendant is misplaced. F.R.C.P. 26(a)(1)(A) does not require disclosure of witnesses and documents used solely for impeachment. Because the Defendant's use of Alvin Cole's law enforcement records will be restricted to impeachment and cross-examination, F.R.C.P. 26(a)(1)(A) exempts the records from production to the Plaintiffs.

"The standard for showing good cause" to seal a document "is quite high. Gen.L.R. 79(d) *Committee Comment*. Plaintiffs "have made no effort to demonstrate that … [the] information they deem sensitive is, in fact, sensitive." *Haas v. City of Milwaukee*, No. 05C785, 2009 WL 3444893, at *1 (E.D. Wis. Oct. 23, 2009). Moreover, because Alvin Cole's law enforcement records "go[] to the heart of plaintiff's" excessive force and loss of society claims, "extraordinary justification would need to be shown before that information could be removed from the public record." *Id*. Plaintiffs' motion to seal Defendant's motion in limine No. 8 must be denied.

Dated at Wauwatosa, Wisconsin this 28th day of February 2025.

**WIRTH + BAYNARD**
Attorneys for Defendant, Joseph A Mensah

*/s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, SBN 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
(414) 291-7979
Email: jmb@wbattys.com