# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ESTATE OF ALVIN COLE,**
        **Plaintiff,**

    **v.**                              **Case No. 22-CV-856**

**JOSEPH MENSAH,**
        **Defendant.**

---

## JURY INSTRUCTIONS

### 1.01 FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## 1.02 NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions that I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.04 EVIDENCE

The evidence you may consider consists of the testimony of the witnesses and the exhibits admitted in evidence.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.06 WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all the evidence bearing on the question regardless of who introduced it.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.12 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.13 TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- The witness' memory;
- Any interest, bias, or prejudice the witness may have;
- The witness' intelligence;
- The manner of the witness while testifying; and
- The reasonableness of the witness' testimony in light of all the evidence in the case.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

# 1.14 PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.16 LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.17 NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

# 1.18 ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.21 EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.24 DEMONSTRATIVE EXHIBITS

You were shown a mannequin that showed approximations of Alvin Cole's injuries. This is a demonstrative exhibit. It is used for convenience and to help explain the facts of the case. It is not itself evidence or proof of any facts.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 1.27 BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 2.14. JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 7.01 GENERAL: POLICE DEPARTMENT/MUNICIPALITY NOT A PARTY

The defendant is being sued as an individual. Neither the Wauwatosa Police Department nor the City of Wauwatosa is a party to this lawsuit.

**7.04 LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

You have heard evidence about the Defensive and Arrest Tactics (DAAT). You may consider this evidence in your deliberations. But remember that the issue is whether Defendant "used excessive force on Alvin Cole", <u>not</u> whether a DAAT might have been complied with or violated.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

**7.09 FOURTH AMENDMENT AND FOURTEENTH AMENDMENT:**
**EXCESSIVE FORCE AGAINST ARRESTEE OR DETAINEE- ELEMENTS**

Plaintiff claims that Defendant used excessive force against Alvin Cole. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant used unreasonable force against Alvin Cole.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages. If on the other hand, you find that Plaintiff did not prove this by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 7.10 FOURTH AMENDMENT EXCESSIVE FORCE AGAINST ARRESTEE
## DEFINITION OF "UNREASONABLE"

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether Defendant used unreasonable force, you should consider all of the circumstances. Circumstances you may consider include the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any efforts made by the defendant to temper or limit the amount of force, the severity of the crime at issue, the threat reasonably perceived by the Defendant, and whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing, but you are not limited to these circumstances.

An officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm. It is not necessary that this danger actually existed. An officer is not required to use all practical alternatives to avoid a situation where deadly force is justified.

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the use of force, not based on matters learned after the use of force. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 7.26 DAMAGES: COMPENSATORY

If you find in favor of Plaintiff on the excessive force claim, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find they sustained as a direct result.

Plaintiff must prove damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

(1)    The physical, mental, and emotional pain and suffering that Alvin Cole experienced before his death. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Estate for the injuries sustained. The Estate may also seek damages for loss of life.

(2)    Alvin Cole's loss of the capacity to carry on and enjoy his life's activities in a way he would have done had he lived.

If you return a verdict for Plaintiff, but determine that Plaintiff failed to prove compensatory damages, then you must award nominal damages of $1.00.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## 7.28 DAMAGES: PUNITIVE

If you find in favor of Plaintiff on the excessive force claim, you may, but are not required to, assess punitive damages against Defendant. The purpose of punitive damages is to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that Defendant's conduct was malicious or in reckless disregard of Alvin Cole's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done with the purpose of injuring Alvin Cole. Conduct is in reckless disregard of Alvin Cole's rights if, under the circumstances, Defendant simply did not care about Alvin Cole's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- The reprehensibility of Defendant's conduct;
- The impact of Defendant's conduct;
- The relationship between Alvin Cole and Defendant;
- The likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- The relationship of any award of punitive damages to the amount of actual harm that Alvin Cole suffered.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

## PROCEDURE FOR JURY DELIBERATION
*(BASED ON 1.32 SELECTION OF PRESIDING JUROR—VERDICT;*
*1.33 COMMUNICATION WITH COURT; 1.34 DISAGREEMENT AMONG JURORS)*

Now, members of the jury, this case is ready to be submitted to you for your serious deliberation. It is an important case. It is important to the plaintiff, and it is important to the defendant. Consider the case fairly, honestly, impartially, and in the light of reason and common sense. In reaching your verdict, free your minds of all feelings of sympathy, bias, or prejudice. Let your verdict speak the truth, whatever the truth may be.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience. **[READ VERDICT]**

You will take to the jury room the verdict form which has been prepared for you. You must reach a unanimous verdict; that is, all of you must agree on the answer to each question. When you have reached unanimous agreement as to your verdict, your foreperson will write in the verdict the answers you have agreed upon and will sign the verdict; and then all of you will return with your verdict to the courtroom.

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the bailiff.

All of the exhibits which have been received into evidence and which the attorneys have agreed to will be provided to you during your deliberations upon your request.

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions

***[OATH TO DEPUTY MARSHAL TO KEEP THE JURY]***

***END OF INSTRUCTIONS***

Estate of Cole v. Mensah, 22-cv-856
Jury Instructions