ESTATE OF ALVIN Cole, by and through its
Special Administrator, TRACY COLE

       Plaintiffs,                      Case No: 22-cv-0856

       v.

JOSEPH ANTHONY MENSAH, et al.,

       Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTIONS IN LIMINE (Dkt. 98)

Plaintiffs, the Estate of Alvin Cole, by and through its Special Administrator, Tracy Cole through her attorneys Cade Law Group, LLC and Motley Legal Services, provide the following responses to Defendant's Supplemental Motions in Limine (Dkt.98) as follows:

**Defendant's Motion *in Limine* No. 19: To bar testimony from Tracy Cole and Albert Cole.**

    **RESPONSE:**    **Plaintiffs object in part.** No objection to Albert Cole and Tracy Cole not testifying as it relates to the impact of Alvin Cole's death, his character, and the mental anguish that his death has caused.

Defendants improperly ask this court to exclude testimony from Albert Cole and Tracy Cole entirely, even testimony that is relevant. That would be improper.

"Relevant evidence is inherently prejudicial . . . Rule 403 was never intended to exclude relevant evidence simply because it is detrimental to one party's case; rather, the

relevant inquiry is whether any unfair prejudice from the evidence substantially outweighs its probative value.' " U.S. v. Lloyd, 71 F.3d 1256, 1265 (7th Cir. 1995) (quoting Cook v. Hoppin, 783 F.2d 684, 689 (7th Cir. 1986)) (emphasis in original). Federal Rules of Evidence 401, 402, and 403 state that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

As noted in the Seventh Circuit Pattern Jury Instruction 7.26, if the jurors find in favor of Plaintiff on the excessive force claim, then they must determine the amount of money that will fairly compensate for any injuries that they find Alvin Cole sustained as a direct result of Mensah's actions.

Defendant's motion should be denied.

**Defendant's Motion *in Limine* No. 20:** To exclude comment, testimony, or argument that the number of shots Defendant Mensah fired constituted an unreasonable use of force and/or that the law required a renewed "deadly force analysis" before each trigger pull.

### RESPONSE: Plaintiff Objects.

This court should deny Defendant's request to bar evidence regarding the unreasonableness of the amount of force used by Joseph Mensah. The sole issue in this case is regarding the excessive force from Mensah to Cole. The jurors were instructed, pursuant to the Seventh Circuit Pattern Jury Instruction 7.10 that,

> "In deciding whether Defendant used unreasonable force, you should consider all of the circumstances. Circumstances you may consider include the need for the use of force, the relationship between the need for the use of force and **the amount of force used**, the extent of the plaintiff's injury, **any efforts made by the defendant to temper or limit the amount of force**, the severity of the crime at issue, the threat reasonably perceived by the Defendant, and whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing, but you are not limited to these circumstances."

To prove this claim, the plaintiff must show "that the force purposely or knowingly used against him was objectively unreasonable" based on the following factors: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015).

"[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). It "is imperative that the facts be judged against an objective standard: would the facts that were available to the officer at the moment of the seizure...warrant a man of reasonable caution in the belief that the action taken was appropriate?" *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 1880, 20 L. Ed. 889 (1968). The objective reasonableness of an officers' force decision is judged based on the "circumstances known and information available to the officer at the time of his action." *Sherrod v. Berry*, 856 F.2d 802, 804 (7th Cir. 1988). "Under the circumstances refers only to those circumstances known and information available to the officer at the time of his action." *Deering v. Reich*, 183 F.3d 645, 653 (7th Cir. 1999). Evidence may be excluded "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. "Evidence is 'unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Common v. City of Chicago*, 661 F. 3d 940, 947 (7th Cir. 2011) (citation omitted).

This Court should determine that the probative value of the evidence showing the manner of Alvin Cole's death is more probative than prejudicial in a wrongful death action wherein a jury is asked to decide if the force Joseph Mensah used was excessive. Defendant's motion should be denied.

**Defendant's Motion *in Limine* No. 21: To bar improper evidence, argument, or innuendo regarding Alvin Cole's alleged conscious pain and suffering.**

RESPONSE:        Plaintiff Objects.

Defendant concedes that a decedent's estate may pursue a claim against a tortfeasor "for pain and suffering during the period intervening between the accident and death." Dkt. 98 at 6. In the jury trial in this matter, testimony was elicited by witnesses that clearly demonstrated that Alvin Cole unfortunately and tragically, was conscious and did experience pain and suffering which goes to damages.

At trial, Officer Olson acknowledged numerous times that after being shot by Joseph Mensah that Alvin Cole was in distress for several minutes. Specifically, Officer Olson testified that, after placing Alvin Cole's hands behind his back and handcuffing him, "the subject was struggling to breath, so he started talking to the subject and telling him to stay with him." See Declaration of Kimberley Motley hereinafter "*Motley Decl.*" at Exhibit A, 70: 20-12.

Officer Olson also acknowledged that Alvin Cole suffered and that he "made a moaning sound," when Olson rolled him on his side. *Motley Decl.* at 70:22-25.

Olson further testified that when he "swapped out" from performing CPR on Alvin Cole after 5 or 6 minutes, that the Wauwatosa Fire took over the chest compressions and while this was going on Alvin Cole, "was making, what I would say, sounds of

distress, in the stress of almost, like agonal breathing or struggling to breathe." *Id* at 72:10 - 12.

As noted in the Seventh Circuit Pattern Jury Instruction 7.26 Committee Comment (b) states that for wrongful death actions brought on behalf of a decedent's estate that,

> "the estate may recover damages for conscious pain and suffering experienced by the decedent prior to death, see *Bass by Lewis v. Wallenstein*, 769 F.2d 1173, 1187-89 (7th Cir. 1983), as well as for loss of life. See, e.g., *Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1105-06 (7th Cir. 1990)."

Clearly, the pain and suffering that Alvin Cole endured is relevant to compensatory damages for the jury to decide if they determine that Mensah's force was excessive and the court should allow it.

A successful §1983 plaintiff may not be awarded damages merely "to account for 'the abstract value of a constitutional right.'" *Horina v. City of Granite City*, 538 F.3d 624, 637 (7th Cir. 2008) (quoting *City of Watseka v. Ill. Pub. Action Council*, 796 F.2d 1547, 1559 (7th Cir. 1986)). A plaintiff must "prove that the denial of his constitutional rights resulted in an actual injury." *Id*. (citations omitted). "'Rights, constitutional and otherwise, do not exist in a vacuum. Their purpose is to protect persons from injuries to particular interests . . .' Where no injury [is] present, no 'compensatory' damages [can] be awarded." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986) (quoting Carey v. Piphus, 435 U.S. 247, 254, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)). In other words, compensatory damages are not presumed but "must be proved in order to be recovered; a plaintiff who wants substantial damages can't just ask for them." *Ustrak v. Fairman*, 781 F.2d 573, 579 (7th Cir. 1986) (citations omitted); see also *Walker v. City of Chi.*, 513 F. App'x 593, 596 (7th Cir. 2013) (non-precedential order).

Clearly, testimony from Officer Olson demonstrates that Cole was conscious following the shooting, was moaning, that he was in distress, and that he was struggling to breath. Defendant's motion should be denied.

Respectfully submitted this 8th day of August 2025.

**MOTLEY LEGAL SERVICES**

By: */s/Kimberley Cy. Motley*
Kimberley Cy. Motley, SBN: 1047193
P.O. Box 1433
Matthews, N.C. 28106
(704) 763-5413 (phone)
(704) 909-4100 (fax)
kmotley@motleylegal.com

**CADE LAW GROUP LLC**

Nathaniel Cade, Jr. SBN: 1028115
Annalisa Pusick SBN: 1116379
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com
annalisa@cade-law.com