# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

ESTATE OF ALVIN Cole, by and through its
Special Administrator, Tracy Col

       Plaintiffs,                              Case No: 22-cv-0856

     v.

JOSEPH ANTHONY MENSAH,

       Defendants.

## PLAINTIFF'S SUPPLEMENTAL MOTIONS IN LIMINE

Plaintiffs, the Estate of Alvin Cole, by and through their counsel and pursuant to L.R. 16(b) files this supplement to Motions *in Limine* 1-16 submitted on February 10, 2025 (Dkt. 39). Plaintiffs' request that the Court grant the following motions in limine prior to the September 8, 2025, re-trial:

### Motion In Limine – Number 17

As argued by the Defendants in their Motion in Limine No. 7, "no witness designated by either side possesses the foundation, education or work experience that would qualify him or her to offer testimony or opinions regarding the mental health, state of mind, clinical illness of another witness or party, nor the causation of such on the events at issue." Dkt. 45 MIL 7. Plaintiffs did not object to this motion in limine, as long as the same applied for the Defendant. However, Mensah himself opened the door.

On the third day of trial, March 19, 2025, Joseph Mensah was asked why he failed to tell the investigating officer that he said anything to Alvin Cole four days after the shooting but on the stand "remembered" that he said, "drop the gun." Mr. Mensah

volunteered prejudicial layman's expert testimony as why people generally "forget" details about an event. Specifically, he stated: "It's very common that when people are going through something traumatic, they don't remember every detail." Trial Transcript, Day 3 at 46:10-11. Mensah further testified to his own mental health deficiencies noting that, "this (was) an incredibly traumatic and stressful incident." *Id.* at 18-19. There is no evidence to support Mr. Mensah's argument, nor is he qualified to render such expert opinions. If Mensah is allowed to speak on his mental health in the days and years after shooting Alvin Cole then the Court should permit testimony of his mental health before the shooting as impeachment and/or rebuttal evidence, assuming Mensah testifies similarly again.

Lay opinions are only admissible "to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanation or interpretation that an untrained layman could not make if perceiving the same acts or events." *United States v. Conn.*, 297 F.3d 548, 554 (7th Cir. 2002). Moreover, Federal Rule of Evidence 701 prohibits lay witnesses from testifying about matters which require specialized knowledge. Accordingly, testimony by Joseph Mensah as a non-medical professional, about how the brain works, how trauma affects the brain, how trauma affected his brain, and how trauma potentially affect his memory must be precluded. Such testimony should also not be allowed as its prejudicial effect substantially outweighs the probative value and such testimony should be excluded.

If Defendant should open the door again to his mental health deficiencies, Plaintiffs will seek to introduce evidence, elicit testimony, or argue deficiencies in Mr. Mensah's mental health through direct evidence in Plaintiffs possession.

## Motion in Limine - Number 18

At the initial pretrial conference on March 3, 2025 the Court ruled, at the request of Defendant's Motion (Dkt. 45, Def. MIL 9) with no objection from the Plaintiffs, that the parties should be barred from advancing the Golden Rule argument. *See* Dkt 45, Def's MIL 9. Plaintiff agreed and Defendant's argued that such "arguments are highly prejudicial and inadmissible under FRE 403," Dkt. 45 at 19 no. 9. Despite the Court's order, Attorney Wirth repeatedly made prejudicial Golden Rule arguments throughout trial. Specifically, in opening statements, on March 10, Attorney Wirth misled the jurors twice by stating an incorrect legal standard:

- "Your analysis in this case is to put yourself in the officers' shoes on the evening of February 2, 2020." *See* Kimberley Cy. Motley Declaration hereinafter "*Motley Decl*." at Exhibit A,14:12-13

- "Your job is to remember, draw yourself back to February 2, 2020, and put yourself in the shoes of the officers that were involved." *Id* at 14:17-19

Attorney Wirth continued to misstate the law and invoke the Golden Rule in his closing arguments. Specifically, he stated:

- "Your decision making is to put yourself back in the story. Put yourself back in the shoes of the officers during that 30 minute, during those ten seconds. It is extremely difficult to do." *Motley Decl*." at Exhibit B, 34:17-19.

- "It is hindsight analysis. Five years later we know where the story ends. Please put yourself back on to that stretch of Mayfair Mall parking on February 2, 2020." *Id* at 40:14-16

Additionally, Attorney Wirth also improperly told jurors to put themselves in the shoes of Evan Olson:

- "Is he going to back the bus up on his friend? No. I don't fault him for that. We'd probably do similar if we were in his shoes." *Id* at 10:9-10.

Plaintiffs *again* request an order preventing Defendants from violating the Golden Rule – a rule that they themselves agreed was improper. *See Loose v. Offshore Navigation*, Inc., 670 F.2d 493, 496 (5th Cir. 1982); *Spray- Rite Service Corp. v Monsanto Col*., 684 F.2D 1226, 1246 (7th Cir. 1982) (noting that making the "'golden rule' appeal . . . is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence").

Defendant's counsel, and any defense witness should be precluded from suggesting or asking jurors to place themselves in the position of any Defendants or the defense witnesses (the "Golden Rule") as an improper appeal to passions and sympathies, uniformly excluded by courts as prejudicial and inadmissible. *See* FRE 403. If the Defense Counsel should violate Court orders again, Plaintiff will seek to include a curative jury instruction.

**Motion in Limine – Number 19**

Plaintiffs move to exclude testimony regarding or evidence of any awards or commendations received by the Defendant and references to police officers being killed while in the line of duty. This testimony and evidence should be excluded under Federal Rules of Evidence 403 and 404.

Evidence may be excluded "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. "Evidence is 'unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Common v. City of Chicago*, 661 F. 3d 940, 947 (7th Cir. 2011) (citation omitted). In a similar vein, "[e]vidence of a person's character or character trait is not

admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). "Character evidence encompasses evidence of a defendant's prior commendations and awards," since "the only purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits or actions that demonstrate such character traits." *United States v. Brown*, 503 F. Supp. 2d 239, 242 (D.D.C. 2007). Finally, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "Courts typically consider evidence of military or police commendations as impermissible character evidence, beyond ordinary background evidence." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 954785, at *1 (N.D. Fla. Mar. 14, 2021) (collecting and identifying cases).

This case involves claims for violations of Alvin Cole's Fourth and Fourteenth Amendment rights while Mensah was a police officer with the Wauwatosa Police Department. While an employee of the police department, Mensah received multiple awards for shooting Antonio Gonzales and Alvin Cole. Evidence of any of the Defendants' awards or commendations as well as evidence of police officers being killed would be "impermissible character evidence," as "the only purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits." *See Brown*, 503 F. Supp. 2d at 242. Moreover, the evidence has little to no probative value, and any purported probative value would be substantially outweighed by its prejudicial effect. *See In re 3M Combat Arms*, 2021

WL 954785, at *1. Therefore, evidence of Defendants' prior awards or commendations and police officers being killed should be excluded.

In the alternative, if the Court permits Mensah or his lawyers to discuss his prior commendations or of police officers being killed, Plaintiffs seek permission to discuss the circumstances of the deaths of Antonio Gonzales and Jay Anderson.

Respectfully submitted this August 8, 2025.

| **MOTLEY LEGAL SERVICES** | **CADE LAW GROUP LLC** |
|---|---|
| By: /s/Kimberley Cy. Motley<br>Kimberley Cy. Motley<br>State Bar No: 1047193<br>P.O. Box 1433<br>Matthews, North Carolina 28106<br>E: kmotley@motleylegal.com<br>P: (704) 763-5413<br>F: (704) 582-6229 | Nathaniel Cade, Jr. SBN: 1028115<br>Annalisa Pusick SBN: 1116379<br>P.O. Box 170887<br>Milwaukee, WI 53217<br>P: (414) 255-3802<br>F: (414) 255-3804<br>E: nate@cade-law.com<br>E: annalisa@cade-law.com |