UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ESTATE OF ALVIN Cole, by and through its
Special Administrator, Tracy Cole

    Plaintiffs,                    Case No: 22-cv-0856

v.

JOSEPH ANTHONY MENSAH,

    Defendants.

## PLAINTIFF'S SUPPLEMENTAL PRETRIAL REPORT

Plaintiffs, the Estate of Alvin Cole, by and through its Special Administrator, Tracy Cole, through her attorneys at Cade Law Group LLC and Motley Legal Services, provides the following Pretrial Report.

Parties are to assume that all prior orders, MILs, etc. are in full effect unless otherwise noted.

### A. SHORT STATEMENT OF FACTS.

This is a civil action brought pursuant to 42 U.S.C. § 1983. Defendant, former Wauwatosa Police Officer Joseph Mensah used deadly excessive force against Alvin Cole on February 2, 2020, killing him. Defendant alleges that, upon arrival, Mensah located Alvin Cole and justifiably shot and killed him. Plaintiffs allege that Defendant Joseph Mensah shot Alvin Cole, without cause, killing him.

### B. STATEMENT OF ISSUES.

The issues for a jury to determine in this matter are:

1.    Did the actions of Defendant Joseph Mensah constitute

unreasonable excessive force against Alvin Cole?

### C. PLAINTIFF'S WITNESSES.

1. Tracy Cole, Alvin Cole's mother, has knowledge and information concerning matters and facts related to some of the allegations in the Complaint, and damages. Mrs. Cole may be reached through her counsel.

2. Albert Cole, Alvin Cole's father, has knowledge and information concerning matters and facts related to some of the allegations in the Complaint, and damages. Mr. Cole may be reached through his counsel.

3. Defendant Joseph Mensah has knowledge and information concerning some of the matters and facts related to the allegations in the Complaint, each claim, and damages. Mensah may be reached through his counsel.

4. David Shamsi was employed by the Wauwatosa Police Department and worked on the night of the shooting. He may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. Shamsi is now employed by the FBI and can be reached at 3600 S Lake Drive, St. Francis, WI 53235.

5. Evan Olson was employed by the Wauwatosa Police Department and worked on the night of the shooting. He may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. Olson may be reached through Defendant's counsel.

6. Jeffrey Johnson was employed by the Wauwatosa Police Department and worked on the night of the shooting. He may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. Johnson may be reached through Defendant's counsel.

7. Barry Weber was employed by the Wauwatosa Police Department. He may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. Weber may be reached at W157N9925 Bayberry Circle, Menomonee Falls, WI 53022.

8. Lori Rom was employed by the Milwaukee Police Department and worked on the night of the shooting. She may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. Rom may be reached at 749 W. State Street, Milwaukee, Wisconsin 53233.

9. Matthew Johnson is employed by the Wisconsin State Patrol. He may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. He may be reached through Plaintiff's counsel.

10. Shenora Staten-Jordan may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. She may be reached through Plaintiff's counsel.

11. Chloe Staten may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. She may be reached through Plaintiff's counsel.

12. Danyielle Bohannon may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. She may be reached through Plaintiff's counsel.

13. John Rawlings may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. He may be reached through Plaintiff's counsel.

14. Tyrese Varner may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. He may be reached through Plaintiff's counsel.

15. Kevin Dean may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. He may be reached through Plaintiff's counsel.

16. James Armstrong was employed by the Wisconsin State Crime Lab and took scene photographs pertinent to this matter. He may be reached through the Wisconsin Crime Lab.

17. William Schroeder was employed by the Milwaukee Police Department and worked on the night of the shooting. He may have knowledge and information concerning some of the matters and facts related to the allegations in the Complaint. He may be reached at 749 W. State Street, Milwaukee, Wisconsin 53233.

18. Leah Lackowski was employed by the Wisconsin State Crime Lab and took scene videos pertinent to this matter. She may be reached through the Wisconsin Crime Lab.

19. Brian Miller was a Forensic Investigator employed with the Milwaukee Police Department and took the autopsy photographs pertinent to this matter. He may be reached at 749 West State Street, Milwaukee, Wisconsin 53233.

20. Sean Kafer is a videographer employed by Plaintiffs to authenticate the videos that he enhanced pertinent to this matter. He may be reached through Plaintiffs counsel.

21. Plaintiffs reserve the right to call any of the witnesses identified by Defendants and to amend this list based on the evidence, as presented by

Defendants.

22. Plaintiff also reserves the right to call witnesses to provide rebuttal testimony.

### D. EXPERT WITNESSES.

In accordance with Fed. R. Civ. P. 26(a)(2), Plaintiffs disclose the following expert witnesses. Plaintiff also reserves the right to call any of the expert witnesses identified by Defendants.

1. Dr. Wieslawa Tlomak, is the Chief Medical Examiner for Milwaukee County and conducted Alvin Cole's autopsy. She is an expert witness who has knowledge about the nature of Alvin Cole's injuries.

2. Ricky Burems, is an expert witness, who has knowledge of use of force, police policies and practices, and police investigations. Mr. Burems will testify consistent with his opinions contained within his expert report.

### E. LIST OF EXHIBITS

1. Plaintiff reserves the right to use any exhibit identified by Defendant.
2. Plaintiff reserves the right to use any document for rebuttal.
3. Plaintiff reserves the right to use demonstrative exhibits.
4. Plaintiffs exhibit list to be filed separately.

### F. DESIGNATION OF DEPOSITIONS OR PORTIONS OR TRANSCRIPTS TO BE READ OR PLAYED AT TRIAL.

Portions of these depositions will be played and/or read if appropriate for the jury contingent upon the testimony. We reserve the right to use any portion of any deposition and/or trial testimony in this matter or others for impeachment purposes.

1. Depositions of Joseph Mensah, dated March 17, 2022, February 28, 2023,

and/or June 26, 2023. Trial transcript testimony of Joseph Mensah dated March 19, 2025.

    2.    Depositions of Barry Weber dated September 16, 2022, June 6, 2023, and/or July 7, 2023.

    3.    Deposition of Evan Olson dated June 27, 2023 trial transcript testimony dated March 18, 2025.

    4.    Deposition of Jeffrey Johnson dated July 7, 2023 trial transcript testimony dated March 18, 2025.

    5.    Deposition of David Shamsi dated June 27, 2023 and trial transcript testimony dated March 17, 2025.

    6.    Deposition of Dexter Schleis dated June 27, 2023 and trial transcript testimony dated March 17, 2025.

    7.    Trial transcript testimony of Dr. Tllomak dated March 18, 2025.

    8.    Trial transcript testimony of Lori Rom dated March 19, 2025.

    9.    Trial transcript testimony of Davion Beard dated March 19, 2025 and July 22, 2025.

    10.    Trial transcript testimony of Sarah Hopkins dated March 19, 2025.

    11.    Trial transcript testimony of Michael Knetzger dated March 19, 2025.

### G.    TIME ESTIMATE.

Plaintiff believes that the case will take five (5) days to try, including voir dire and jury deliberations.

### H.    VOIR DIRE QUESTIONS.

Proposed voir dire questions are being filed contemporaneously with this report.

## I. SPECIAL VERDICT FORM.

A proposed special verdict form is being filed contemporaneously with this report.

## J. PROPOSED JURY INSTRUCTIONS

Proposed jury instructions are being filed contemporaneously with this report.

Respectfully submitted this 15th day of August 2025

**MOTLEY LEGAL SERVICES**

By: */s/ Kimberley Cy. Motley*
Kimberley Motley, SBN: 1047193
P.O. Box 1433
Matthews, North Carolina 28106
(704) 763-5413 (phone)
(704) 909-4100 (fax)
kmotley@motleylegal.com

**CADE LAW GROUP LLC**

Nathaniel Cade, Jr. SBN: 1028115
Annalisa Pusick SBN: 1116379
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com
annalisa@cade-aw.com