# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF ALVIN Cole, by and through its
Special Administrator, Tracy Cole

       Plaintiffs,                  Case No: 22-cv-0856

    v.

JOSEPH ANTHONY MENSAH,

       Defendants.

---

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

---

       Unless otherwise noted, Plaintiff propose the below pattern jury instructions and amended jury instructions as outlined below.

1.01   FUNCTIONS OF THE COURT AND THE JURY
1.02   NO INFERENCE FROM JUDGE'S QUESTIONS (if appropriate)
1.03   ALL LITIGANTS EQUAL BEFORE THE LAW
1.04   EVIDENCE
1.05   DEPOSITION TESTIMONY (if appropriate)
1.06   WHAT IS NOT EVIDENCE (if appropriate)
1.07   NOTE-TAKING (if appropriate)
1.08   CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED
1.09   LIMITED PURPOSE OF EVIDENCE (if appropriate)
1.10   EVIDENCE LIMITED TO CERTAIN PARTIES
1.11   WEIGHING THE EVIDENCE
1.12   DEFINITION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE
1.13   TESTIMONY OF WITNESS: DECIDING WHAT TO BELIEVE
1.14   PRIOR INCONSISTENT STATEMENTS (if appropriate)
1.16   LAWYER INTERVIEWING WITNESS (if appropriate)
1.17   NUMBER OF WITNESSES
1.18   ABSENCE OF EVIDENCE
1.19   ADVERSE INFERENCE FROM MISSING WITNESS (if appropriate)
1.21   EXPERT WITNESSES
1.24   DEMONSTRATIVE EVIDENCE (if appropriate)
1.27   BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE
1.32   SELECTION OF PRESIDING JUROR; GENERAL VERDICT
1.33   COMMUNICATIONS WITH COURT
1.34   DISAGREEMENT AMONG JURORS

2.01    CAUTIONARY INSTRUCTION BEFORE RECESS
2.03    EVIDENCE ADMITTED ONLY AGAINST ONE PARTY
2.04    STIPULATED TESTIMONY (if appropriate)
2.05    STIPULATIONS OF FACT (if appropriate)
2.06    JUDICIAL NOTICE (if appropriate)
2.08    DEPOSITION AS SUBSTANTIVE EVIDENCE (if appropriate)
2.09    USE OF INTERROGATORIES (if appropriate)
2.12    SUMMARIES OF RECORDS AS EVIDENCE (if appropriate
2.14    JUDGE'S COMMENTS TO LAWYER (if appropriate)
7.03    GENERAL: UNDER COLOR OF LAW (if appropriate)
7.04    LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMIN
        RULES, REGULATIONS, AND POLICIES (if appropriate)
7.09    EXCESSIVE FORCE – ELEMENTS
7.10    DEFINE UNREASONABLE FORCE
7.26    DAMAGES; COMPENSATORY
7.28    PUNITIVE DAMAGES

**FUNCTIONS OF THE COURT AND THE JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Proposed Jury Instruction No. 1.
Source: Seventh Circuit Pattern Civil Jury Instruction 1.01
_____ Given
_____ Rejected
_____ Withdrawn____ Objected to

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case, Plaintiff the Estate of Alvin Cole, was brought by Alvin Cole's mother, Tracy Cole, and Alvin's father, Albert Cole. Tracy and Albert Cole are private citizens and Alvin Cole was a private citizen. All parties are equal before the law. Each of the parties in this case is entitled to the same fair consideration.

Plaintiff's Proposed Jury Instruction No. 2
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.03
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that [certain facts are true or that a person would have given certain testimony.

In addition, I have taken judicial notice of certain facts. You must accept those facts as proved.

Plaintiff's Proposed Jury Instruction No. 3
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.04
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by [the reading of a deposition/depositions] [and video]. You should give this testimony the same consideration you would give it had the witness[es] appeared and testified here in court.

Plaintiff's Proposed Jury Instruction No. 4
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.05
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to


## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you: First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television

reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Proposed Jury Instruction No. 5
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.06
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony

Plaintiff's Proposed Jury Instruction No. 6
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.07
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Proposed Jury Instruction No. 7
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.08
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to


## LIMITED PURPOSE OF EVIDENCE


You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Proposed Jury Instruction No. 8
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.09
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Proposed Jury Instruction No. 9
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.11
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to


## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true. As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no

distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence

Plaintiff's Proposed Jury Instruction No. 10
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.12
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence; - the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Proposed Jury Instruction No. 11
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.13
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a Party or Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner, that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Proposed Jury Instruction No. 12
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.14
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Proposed Jury Instruction No. 13
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.17
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's Proposed Jury Instruction No. 14
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.18
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**ADVERSE INFERENCE FROM MISSING WITNESS**

[Witness] was mentioned at trial but did not testify. You may, but are not required to, assume that [Witness's] testimony would have been unfavorable to Defendant.

Plaintiff's Proposed Jury Instruction No. 15
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.19
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**EXPERT WITNESSES**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's Proposed Jury Instruction No. 16
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.21
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**DEMONSTRATIVE EXHIBITS**

      Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Plaintiff's Proposed Jury Instruction No. 17
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.24
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Proposed Jury Instruction No. 19
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.27
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Plaintiff's Proposed Jury Instruction No. 20
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.02
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [Forms of verdict read.] (Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.) OR (Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.)

Plaintiff's Proposed Jury Instruction No. 21
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.32
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Plaintiff's Proposed Jury Instruction No. 22
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.34
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify. [Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Plaintiff's Proposed Jury Instruction No. 23
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.08
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's Proposed Jury Instruction No. 24
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.16
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Plaintiff's Proposed Jury Instruction No. 25
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.14
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## COMMUNICATIONS WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

[If you do communicate with me, you should not indicate in your note what your numerical division is, if any.]

Plaintiff's Proposed Jury Instruction No. 26
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.33
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**GENERAL: "UNDER COLOR OF LAW"**

One of the things the Estate must prove is that <u>the</u> Defendant acted "under color of law."

(a) Public employee defendant

A person who is employed by the government acts "under color of law" if he uses or misuses authority that he has because of his official position. A person may act under color of law even if he is violating a state law or policy. You may find that Defendant acted under color of law even if he was acting outside his authority if he represented himself as having that authority or if he otherwise used his position to accomplish the act.

Plaintiff's Proposed Jury Instruction No. 27
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.03
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES**

You have heard evidence about whether the Defendant's conduct violated a state statute. You may consider this evidence in your deliberations as to the excessive force claim. But remember that the issue is whether Defendant Joseph Mensah used excessive force on Alvin Cole, not whether a statute might have been violated.

Plaintiff's Proposed Jury Instruction No. 28
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.04
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**EXCESSIVE FORCE AGAINST ARRESTEE**

The Estate claims that Defendant Mensah used excessive force against Alvin Cole. To succeed on this claim, the Estate must prove by a preponderance of the evidence that Mensah used unreasonable force against Alvin Cole.

If you find that the Estate has proved by a preponderance of the evidence, then you must decide for the Estate, and go on to consider the question of damages. If on the other hand, you find that the Estate did not prove this by a preponderance of the evidence then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 29
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.09
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**DEFINITION OF "UNREASONABLE"**

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether Defendant used unreasonable force, you should consider all of the circumstances. [Circumstances you may consider include the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any efforts made by the defendant to temper or limit the amount of force, the severity of the crime at issue, and the threat reasonably perceived by the officer, but you are not limited to these circumstances.]

An officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him in imminent danger of death or serious bodily harm.

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the use of force, not based on matters learned after the use of force. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

Plaintiff's Proposed Jury Instruction No. 30
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.10
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiff on the excessive force claim, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical, mental and emotional pain and suffering, that Alvin Cole experienced before his death. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Estate of Alvin Cole for the injuries he has sustained. The Estate may also seek damages for loss of life.

2. Alvin Cole' loss of the capacity to carry on and enjoy his life's activities in a way he would have done had he lived.

If you return a verdict for Plaintiff, but Alvin Cole has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Plaintiff's Proposed Jury Instruction No. 31
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.26
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

# DAMAGES: PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against the Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future.

The Estate must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant. You may assess punitive damages only if you find that any of the Defendants' conduct was malicious or in reckless disregard of Alvin Coles' rights. Conduct is malicious if it is accompanied by ill will or spite or is done for the purpose of injuring Alvin Cole. Conduct is in reckless disregard of Alvin Cole's rights if, under the circumstances, a Defendant simply did not care about Alvin Cole's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendants' conduct;

- the impact of the Defendants' conduct on Alvin Cole;

- the relationship between Alvin Cole and the Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Alvin Cole suffered.

Plaintiff's Proposed Jury Instruction No. 32
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.28
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take but keep them in mind throughout the trial.

Plaintiff's Proposed Jury Instruction No. 33
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.01
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**EVIDENCE ADMITTED ONLY AGAINST ONE PARTY**

All of the evidence in this case is limited to one party and cannot be considered anyone else. Each party is entitled to have the case decided solely on the evidence which applies to that party.

The evidence you [are about to hear] [just heard] can be considered only in the case against Joseph Mensah.

Plaintiff's Proposed Jury Instruction No. 34
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.03
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## STIPULATED TESTIMONY

The parties have stipulated or agreed what [name's] testimony would be if [name] were called as a witness. You should consider that testimony in the same way as if [name] had given the testimony here in court.

Plaintiff's Proposed Jury Instruction No. 34
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.04
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**STIPULATIONS OF FACT**

The parties have stipulated, or agreed, that [stipulated fact]. You must now treat this fact as having been proved for the purpose of this case.

Plaintiff's Proposed Jury Instruction No. 35
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.05
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**JUDICIAL NOTICE**

I have decided to accept as proved the fact that [e.g., the city of Milwaukee is north of the city of Chicago]. You must now treat this fact as having been proved for the purpose of this case.

Plaintiff's Proposed Jury Instruction No. 36
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.06
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**USE OF INTERROGATORIES (TO BE USED ONLY WHEN INTERROGATORIES
ARE READ WITHOUT ADMISSION INTO EVIDENCE)**

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

Plaintiff's Proposed Jury Instruction No. 37
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.09
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**SUMMARIES OF RECORDS AS EVIDENCE**

Stipulated

The parties agree that [Describe summary in evidence] accurately summarize the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

Not Stipulated

Certain [describe summary in evidence] is/are in evidence. [The original materials used to prepare those summaries also are in evidence.] It is up to you to decide if the summaries are accurate.

Plaintiff's Proposed Jury Instruction No. 38
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.12
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Respectfully submitted this 15th day of August 2025

**MOTLEY LEGAL SERVICES**

By: */s/ Kimberley Cy. Motley*
Kimberley Motley, SBN: 1047193
P.O. Box 1433
Matthews, North Carolina 28106
(704) 763-5413 (phone)
(704) 909-4100 (fax)
kmotley@motleylegal.com

**CADE LAW GROUP LLC**

Nathaniel Cade, Jr. SBN: 1028115
Annalisa Pusick SBN: 1116379
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com
annalisa@cade-aw.com