UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF ALVIN COLE, et al.,

        Plaintiffs,

v.                                                                         Case No. 22-CV-0856

JOSEPH ANTHONY MENSAH,

        Defendant.

**DEFENDANT'S MOTION TO PLAY ENHANCED SQUAD VIDEOS WITHOUT VIDEOGRAPHER TESTIMONY.**

It is anticipated that at trial the parties will present both the unedited video recordings from the squad cars of Evan Olson and David Shamsi and enhanced clips from those videos. Defendant's videography witness, Josh Boyd, is prepared to testify to the metadata and methodology of any enhancements he made to the videos. (ECF 103 at 4) Plaintiffs have disclosed Sean Keifer to testify as to the enhancements he made to the videos. (ECF 107 at 3)

Before being used at trial, video evidence must be authenticated to show that it is what the offering party purports it to be. Fed. R. Evid. 901. Authentication of a recording can be established by a solid chain of custody or by laying a foundation as to its accuracy and trustworthiness. *Smith v. City of Chi.*, 242 F.3d 737, 741 (7th Cir. 2001). Just as in the first trial, the squad video footage can be and will be authenticated by the on-scene officers—specifically Olson and Shasmi.

With respect to any enhancements made to the raw footage, the Defendant does not object to either side playing enhanced videos if the jury is first presented the videos in their native format. See *United States v. Proano*, 912 F.3d 431, 444 (7th Cir. 2019) (holding that the prosecution's use of slow-motion video was permissible because the jury had also seen the real-time video). Based

on both parties' anticipated reliance on the native format videos, the relevance of those videos is stipulated. Having first seen the real-time, unenhanced videos, the jury can consider the probative value of any enhanced or slowed footage or screenshots without undue risk of prejudice caused by confusion. If need be, a limiting instruction can also be crafted to mitigate the risk of unfair prejudice. See *Lawrence v. Las Vegas Metro. Police Dep't*, No. 2:16-cv-03039-APG-NJK, 2024 U.S. Dist. LEXIS 88070, at *4 (D. Nev. May 15, 2024)

Assuming that each side is going to play enhanced, slowed, or clipped portions of the native-format videos, then requiring each to present a videography witness to explain the methodology and related metadata involved in any enhancements will add two technical witnesses on an issue that presents no genuine dispute. The defense videography witness resides in Tampa, Florida, and his testimony will require Zoom or remote connectivity as well as coordination with court IT equipment and personnel for what is unlikely to be more than 10 minutes of testimony.

On August 29, 2025, Defense counsel attempted to confer with Plaintiffs' counsel to stipulate to the admissibility of enhanced videos without the need for technical videography testimony. Immediately prior to the filing of this request, Plaintiffs' counsel indicated they are not in agreement. As such, the Defendant moves the court to permit the presentation of enhanced squad video camera footage, by either side, without the need for testimony from videography witnesses.

If the Court thinks that a telephone conference to discuss this matter would be helpful, defendants can be available anytime on September 4 or September 5.

Dated at Wauwatosa, Wisconsin, this 3rd day of September 2025.

WIRTH + BAYNARD<br>
Attorneys for Defendant

*/s/ Jasmyne M. Baynard*<br>
Jasmyne M. Baynard, SBN 1099898<br>
Joseph M. Wirth, SBN 1012080

9898 West Bluemound Road, Suite 2
Wauwatosa, WI 53226
(414) 291-7979
jmb@wbattys.com
jmw@wbattys.com