ESTATE OF ALVIN COLE, et al.,

      Plaintiffs,

      v.                                    22-CV-856

JOSEPH ANTHONY MENSAH,

      Defendant.

## PLAINTIFFS' SECOND SUPPMENTAL MOTIONS IN LIMINE

Plaintiffs, the Estate of Alvin Cole, et al., by and through their counsel and pursuant to the Court's Scheduling Order and L.R. 16(b) files this supplement to the Motions in Limine 1-16 submitted on February 10, 2025 (Dkt. 39), and Supplemental Motions in Limine 17-19 submitted on August 8, 2025 (Dkt. 101). Plaintiffs' request that the Court grant the following motions in limine prior to the May 5, 2026, re-trial:

**Motion in Limine – Number 14 – Reserved Ruling for "in the moment" (3/3/25) but limiting only to what Mensah knew at the time. Dkt. 39 at 11**

The sole issue in this case is regarding the excessive force used by Joseph Mensah against Alvin Cole, which occurred *outside* of Mayfair Mall. Therefore, any information outside of what Mensah knew at the time of the shooting is irrelevant and the Court should prohibit it. For example, Mensah did not have personal information other than there was a civil disturbance at Mayfair Mall and a gun may have been involved. Suggesting information about the weapon (i.e. the type of weapon, weapon accessories, who carried it, who owned the gun, how it entered Mayfair Mall, etc.), that Alvin Cole brandished a gun in the mall as asserted repeatedly despite the lack of evidence by

Attorney Wirth (Dkt. 3:19-21, 8:9-12, 15:19-1), that Cole "threaten(ed) a shopper at the mall" as prejudicially asserted by Attorney Wirth (Id), or that Mensah knew what security guards had learned is nothing more than inflammatory context and hearsay. Mensah did not know what occurred inside Mayfair Mall and as this court already ruled, Mensah's did not know any of this information and his testimony should be limited to what he knew at the time

At the initial pretrial conference on March 3, 2025, the Court ruled on Plaintiffs' Motion (Dkt. 39, PL. MIL 14) that the parties should be barred from testifying to information that allegedly occurred inside Mayfair Mall. The Court further ruled that Mensah's testimony should certainly be *limited to what he knew at the time*. Despite the Court's order, Attorneys Wirth and Baynard repeatedly made prejudicial arguments with no evidentiary support as to what occurred ***inside the mall***. Specifically, in his opening statement at the first trial on September 8, Attorney Wirth misled the jurors by stating several times, despite the Court's ruling and the lack of evidence, that Alvin Cole had the gun in the mall, that he brandished a handgun, and that he threatened a shopper in the mall. Specifically, Wirth stated:

> "An individual matching Alvin Cole's physical description was reported to have during this altercation or during this argument unzipped a sling bag that he was wearing across his torso and brandished a handgun." Dkt. 118 at 3:19-21;

> "Officer Schleis interviewed the man who was threatened with the handgun and got a physical description matching Alvin Cole and a description of the group he was with." *Id* at 4:11-14;

> "Gun in the mall, we want the officers to start drifting towards the mall." *Id* at 5:2-3;

> "What started as someone says someone may have a gun at the mall escalated to he does have a gun, and he brandished it at another shopper,

escalated to we can identify who we're looking for and escalated to once we stop him and approach him, he leads us on a foot chase." *Id* at 8:10-14; and,

"Alvin Cole's catastrophically bad decisions, threatening a shopper at the mall, brandishing a gun," *Id* at 15:21-22.

The Court should admonish counsel and uphold its order. It "is imperative that the facts be judged against an objective standard: would the facts that were available to the officer at the moment of the seizure...warrant a man of reasonable caution in the belief that the action taken was appropriate?" *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 1880, 20 L. Ed. 889 (1968). The objective reasonableness of an officer's force decision is judged based on the "circumstances known and information available to the officer at the time of his action." *Sherrod v. Berry*, 856 F.2d 802, 804 (7th Cir. 1988). "Under the circumstances refers only to those circumstances known and information available to the officer at the time of his action." *Deering v. Reich*, 183 F.3d 645, 653 (7th Cir. 1999). Evidence may be excluded "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. "Evidence is 'unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Common v. City of Chicago*, 661 F. 3d 940, 947 (7th Cir. 2011) (citation omitted).

To further add to Defendant's disregard of the Court's prior orders, during Attorney Baynard's closing on September 10, 2025 at the second trial, despite the lack of evidence, she falsely stated four times that Alvin Cole brought a gun to the mall, three times she falsely stated that Alvin Cole got in a fight at the mall, and she also falsely informed the jury that Alvin brandished the gun in the mall. Specifically, she stated:

"They responded to the threat of a firearm in a mall -- not just a firearm, a

3

brandishing of a firearm in the mall" See *Declaration of Kimberley Cy. Motley*, hereinafter referred to as *"Motley Decl." at Exhibit 1,* 21:19-20;

"I'm going to reiterate, having a gun at Mayfair Mall, getting into an altercation    with a complete stranger and pulling the gun out during it." *Id* at 23:16-19;

"We're expecting a report of a firearm at the mall during a fight to cause a police response." *Id* at 24:6-7;

"They were trying to make contact with him because he brought a gun to the mall and started a fight." *Id* at 24:14-16; and,

"Alvin Cole didn't get shot in the mall for having a gun." *Id* at 26:21.

Plaintiffs should not have to police Defendant or counsel's words and actions that the Court has deemed not relevant or admissible. Just as Defendant Mensah's two prior murders are not admissible, the same would apply to anything occurring in the mall.

**Motion in Limine – Number 15 – Reserved Ruling for "in the moment" (3/3/25) but limiting only to what Mensah knew at the time and precluding witnesses from offering testimony only to what they knew at the time. Dkt. 39 at 12-13**

Similarly, Plaintiffs sought preclusion of testimony from witnesses from inside the mall who did not personally witness Mensah's shooting of Cole stating their belief on what occurred. The statements, facts, and circumstances about what occurred inside Mayfair Mall are irrelevant because those individuals only have personal knowledge of what transpired before Mensah arrived on scene. Therefore, the individuals from inside the mall—and what they believed or feared to be true— should be excluded to testify as their statements have no bearing on the ultimate jury issue, and risk confusing the jury by discussing events that transpired before Mensah arrived on scene.

In the testimony of David Shamsi, he testified as to what he ***believed*** the video showed as opposed to what he himself witnessed. Specifically, Agent Shamsi testified that:

"I can tell you if we're referencing the video after watching the video a few times, he's not prone in the video." Dkt. 130 at 17:1-3;

"But after reviewing the video that you're referencing, I've seen him not prone." 17: 6-7; and,

"To review the videos, he was not prone." *Id* at 43:14

Additionally, Attorney Wirth inappropriately asked Agent Shamsi as to what the video showed as opposed to what he witnessed. Specifically, Attorney Wirth stated,

"Q:     After watching that video, do you see whether Alvin Cole is prone?
A:     He was on his hands and knees.
Q:     Do you see him crawling in that video?
A:     I do.
Q:     Did you see him turn toward the direction that Joseph Mensah was coming?
A:     It looks like he turns his face toward where Joseph was coming." *Id* at 130 54:10-18

Attorney Wirth is free to argue in closing what he believes the video shows as to Cole's positioning. He does not get to introduce that information through Shamsi.

## **Motion in Limine – Number 20**

Plaintiffs request that jurors be allowed to take notes during trial. Jurors note-taking is generally permitted but is ultimately a matter of judicial discretion. The jurors who Plaintiffs' counsel spoke with after both of the first two trials noted how the jurors had wide discrepancies as to evidence and timing and indicated that notes would have been better than their memories.

## **Motion in Limine – Number 21**

Plaintiffs move the Court for an order precluding the Defendant or his counsel from making false statements that have no evidentiary support such as, Mayfair Mall "is the largest shopping mall in the state of Wisconsin" as Attorney Wirth falsely stated in his

5

opening statement. Dkt. 118 at 3:11-13. Additionally, Attorney Wirth stated, without evidentiary support that, "The mall and the crowds it draws is large enough that the City of Wauwatosa actually has a police substation in the mall." *Id.* at 3:14-16. Both statements are highly prejudicial and not relevant to any party's claim or defense. The same is true of the officers' motivation in traveling to Mayfair Mall – what happened inside the mall is not relevant. The statements do not have a tendency to make a fact more or less probable than it would be without the evidence, nor is it of consequence in determining the action. Fed. R. Evid. 401(a)-(b). Even if it has probative value, any probative value is substantially outweighed by a danger of unfair prejudice and risk of misleading the jury. Fed. R. Evid. 403. Indeed, if "motivation" as to Mayfair Mall is permissible to introduce to the jury, then it is just as permissible to introduce the number of shooting deaths that Mensah has been involved with demonstrate how quick he is to shoot first and ask questions second.

For these reasons, Plaintiffs request that the Court enforce its prior orders and bar improper and inflammatory evidence and statements.

Respectfully submitted this 23rd day of March 2026.

**MOTLEY LEGAL SERVICES LLC**

By: */s/Kimberley Cy. Motley*
Kimberley Cy. Motley SBN: 1047193
P.O. Box 1433
Matthews, NC 28106
(704) 763-5413 (phone)
(704) 582-6229 (fax)
kmotley@motleylegal.com

**CADE LAW GROUP LLC**

By: */s/ Annalisa Pusick*
Annalisa Pusick SBN: 1116379
Nathaniel Cade, Jr. SBN: 1028115
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com
annalisa@cade-law.com